UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>BARRY WILLIS,<br><br>    Defendant. | Case No. 24-20187<br>Honorable Laurie J. Michelson |

**ORDER DENYING DEFENDANT'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b) OF ORDER DENYING MOTION TO SUPPRESS [42]**

Barry Willis has been indicted on drug and gun charges. (ECF No. 34.) On December 26, 2024, the Court denied his motion to suppress the evidence seized after the execution of search warrants at three properties with a connection to Willis. (ECF No. 33.) Willis now moves the Court, pursuant to 28 U.S.C. § 1292(b), to certify for interlocutory appeal the order denying his motion to suppress. (ECF No. 42.) The government opposed the motion. (ECF No. 52.) The Court issued the following oral ruling on March 21, 2025:

Willis states in his supporting brief that "[w]hile interlocutory appeals are generally disfavored in criminal cases, the Supreme Court has recognized in *DiBella v. United States*, 369 U.S. 121, 131–32 (1962), that pretrial orders denying motions to suppress evidence can be appropriate subjects for interlocutory appeal in certain circumstances, particularly where the suppression issue is separable from and

collateral to the question of the defendant's guilt or innocence." (ECF No. 42, PageID.300.)

But *DiBella* does not help Willis. There, the Supreme Court was considering whether an order denying a pre-indictment motion to suppress was interlocutory or not for purposes of the finality doctrine. Holding that the order was not final, the court stated:

> Orders granting or denying suppression in the wake of such proceedings are truly interlocutory, for the criminal trial is then fairly in train. When at the time of ruling there is outstanding a complaint, or a detention or release on bail following arrest, or an arraignment, information, or indictment—in each such case the order on a suppression motion must be treated as "but a step in the criminal case preliminary to the trial thereof." Only if the motion is solely for return of property and is in no way tied to a criminal prosecution *in esse* against the movant can the proceedings be regarded as independent.

*DiBella v. United States*, 369 U.S. at 131–32. This is not a case for the return of the seized property or one where the suppression issues are not tied to the criminal proceeding.

The Sixth Circuit has addressed the narrowness of the collateral order exception. Recently, in *United States v. Combs*, No. 23-5153, 2023 U.S. App. LEXIS 24141, at *1–2 (6th Cir. Sept. 12, 2023), the Court, citing 28 U.S.C. § 1291 and Supreme Court and Sixth Circuit cases, explained:

> Generally, we only have jurisdiction to consider appeals from final decisions of the district court. 28 U.S.C. § 1291. In criminal cases, "the rule prohibits appellate review until conviction and imposition of sentence." "As a general rule, a pretrial order denying a defendant's motion to dismiss an indictment is not an appealable 'final decision' under Section 1291." The limited exception is the collateral order doctrine, under which an interlocutory order is immediately appealable if it: "1) conclusively decide[s] the disputed issue; 2) resolve[s] an

2

> important issue separate and independent from the merits of the action; and 3) [is] effectively unreviewable on appeal from a final judgment."

*Id.* at *1–2. The Sixth Circuit then said, in no uncertain terms:

> In the criminal context, the collateral order doctrine applies in only two situations: "orders denying motions to dismiss on double jeopardy grounds and orders denying motions to reduce bail before trial."

*Id.* at *2; *see also United States v. Martirossian*, 917 F.3d 883, 887 (6th Cir. 2019) (identifying two additional situations, neither of which is a motion to suppress, and specifically indicating that an order denying a motion to suppress is not one that can be collaterally appealed).

Neither of those situations (in which the collateral order doctrine applies) are present here. And if there were still any question, the Sixth Circuit has specifically said that an order denying a motion to suppress does not fall under this limited exception. Relying on *DiBella*, the Court explained that "[a]n order denying a pretrial motion to suppress evidence in a criminal prosecution is not immediately appealable but can only be reviewed after entry of the final judgment." *United States v. Moore*, No. 24-3477, 2024 U.S. App. LEXIS 19380, at *1–2 (6th Cir. Aug. 2, 2024) (citing *DiBella*, 369 U.S. at 131 and *United States v. Shameizadeh*, 41 F.3d 266, 267 (6th Cir. 1994)).

Thus, because the Sixth Circuit has made clear that it does not have jurisdiction over a pre-judgment appeal of an order denying a defendant's motion to suppress, certification of the order for interlocutory appeal is not appropriate.

And while 28 U.S.C. § 1292(b) allows for discretionary certification of certain non-final orders, there are other issues that preclude this path. First, by its express

terms, that statutory provision applies only to civil actions. And second, even if it did apply, the statutory criteria are not all met here. Willis correctly identifies the factors analyzed under the statute: (1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. (ECF No. 42, PageID.299.)

The Court's suppression order here does not satisfy the second factor. As Willis' motion further explains, "A 'difference of opinion' is established 'when (1) the case is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit; or (3) the circuits are split on the issue.'" (*Id.* at PageID.300 (citing case law).) There is a wealth of Sixth Circuit case law that provides the governing Fourth Amendment principles pertaining to the searches of residences connected to drug traffickers. Where the cases struggle is in the application of this law to the specific facts of each individual case. What Willis seeks to appeal now is not an issue of first impression or one that would enable the Sixth Circuit to create new law or to resolve a circuit split.

Thus, this criminal case should take the normal course. Willis can appeal the suppression ruling after the entry of final judgment. The motion for certification of interlocutory appeal is DENIED.

IT IS SO ORDERED.

Dated: March 21, 2025

                                                  s/Laurie J. Michelson
                                                  LAURIE J. MICHELSON
                                                  UNITED STATES DISTRICT JUDGE