UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>BARRY WILLIS,<br><br>    Defendant. | Case No. 24-20187<br>Honorable Laurie J. Michelson |

**ORDER DENYING DEFENDANT BARRY WILLIS' MOTION TO MODIFY CONDITIONS OF RELEASE [90]**

Barry Willis is charged in a superseding indictment with conspiracy to distribute and possess with intent to distribute a controlled substance, possession of fentanyl with intent to distribute, possession of a firearm in furtherance of a drug-trafficking crime, being a felon in possession of a firearm, and unlawful possession of a pill press. (ECF No. 34.) Following Willis' initial appearance on the underlying criminal complaint, a magistrate judge ordered him detained pending trial. (ECF No. 9.) Willis appealed the ruling. (ECF No. 18.) This Court, after thoroughly analyzing the relevant factors in 18 U.S.C. § 3142(g), denied Willis' motion to revoke the detention order. (ECF No. 23.)

The Court relied, in part, on the government proffer that 41 kilograms of fentanyl were seized in locations connected to Willis, the largest such seizure ever in the state of Michigan. The Court noted in its oral ruling that "[t]he circulation of such drugs presents a serious danger to the health and well-being of the community." *See*

*United States v. Vaughn*, No. 22-20059, 2023 U.S. Dist. LEXIS 45726, at *9 (E.D. Mich. Mar. 17, 2023) (citing cases). Guns were also found in these locations, which Willis is precluded from possessing given his prior serious drug conviction. And he now faces a mandatory minimum sentence of 20 years. These factors and others led the Court to conclude that there were no release conditions that would reasonably assure the safety of the community. (*See* ECF No. 23.)

Willis has now filed a "Motion to Modify Conditions of Release" (ECF No. 90) based on changed circumstances. He "requests he either be released on home detention with electronic monitoring, or the Court set a reasonable bond so that the Defendant can assist in his defense." (*Id.* at PageID.585.) The government opposes the request. (ECF No. 92.) No reply was filed. As Willis fails to identity a viable basis to reopen the detention hearing, his motion is DENIED.

I.

To start, Willis relies on the wrong provisions of the Bail Reform Act. He was never released on bond and so there are no release conditions to modify under 18 U.S.C. § 3145(a). Likewise, 18 U.S.C. § 3148, also cited by Willis, is inapplicable because it addresses sanctions for violations of conditions of pretrial release. Instead, it is 18 U.S.C. § 3145(b) that governs review of a detention order, and that section does not provide for any "modifications." Moreover, Willis already had an opportunity to appeal the detention order under § 3145(b). By seeking a second bite at the apple, his options are limited.

2

## A.

Given this procedural posture, Willis "must now persuade the Court that his detention hearing should be reopened pursuant to 18 U.S.C. § 3142(f)." *United States v. Harris*, No. 23-117, 2025 U.S. Dist. LEXIS 83086, at *30 (S.D. Ohio May 1, 2025). This provision grants the Court discretion to reopen a detention hearing if it finds that (1) new information exists that was not known to the defendant at the time of the original hearing, and (2) that information "has a material bearing on the issue whether there are conditions of release that will reasonably assure" the defendant's appearance and the safety of any other person and the community. 18 U.S.C. § 3142(f)(2); *see also United States v. Watson*, 475 F. App'x 598, 599 (6th Cir. 2012) ("We have held that the use of the word 'may' as opposed to 'will' . . . implies that the district court has discretion in determining whether to grant the motion." (citation modified)). "In other words, the new information must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community." *Watson*, 475 F. App'x at 600.

Willis says "circumstances have changed as follows: The Defendant is currently housed in the Livingston County Jail, a substantial distance from his representative counsel, and this Court has set a trial date of December 16th, 2025." (ECF No. 90, PageID.585.) These reasons fall short of justifying a reopening of the detention hearing.

3

First, they are not new. When the Court denied Willis' initial bond appeal, a trial date had already been set (ECF No. 17) and the Court was aware that Willis would be preparing for trial while detained at a distance from his counsel. Nor do Willis' reasons amount to "truly changed circumstances or a significant event" as required under § 3142(f)(2). *United States v. Bothra* ("*Bothra*"), No. 20-1364, 2020 U.S. App. LEXIS 16383, at *2 (6th Cir. May 21, 2020) ("Courts interpret this requirement strictly, requiring a showing of truly changed circumstances or a significant event."); *see United States v. Jerdine*, No. 08-00481, 2009 WL 4906564, at *3 (N.D. Ohio Dec. 18, 2009) ("New and material information for Section 3142(f)(2)(B) purposes consists of something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event."). As another court in this District aptly explained in addressing a similar argument:

> Defendant will be able to adequately prepare for trial even while detained. It is customary for defendants and their counsel to prepare for trial while the defendant is detained. The fact that the case is complex and has extensive discovery does not mandate revoking detention. *See United States v. Meeks*, No. 10-20123, 2011 WL 4407448, at *8 (E.D. Mich. Sept. 22, 2011) (denying defendant's request to reopen detention hearings and release him even though the underlying case was "of exceptional complexity" and required extensive document review and preparation); *see also United States v. Petters*, No. 08-364, 2009 WL 205188, at *2 (D. Minn. Jan. 28, 2009) (finding that the fact that a case is complicated and involves thousands of documents "simply does not justify Defendant's release. . . . Indeed, accepting such an argument would mean that the more complicated the crime, the more likely a defendant should be released prior to trial. This is clearly an absurd result."). . . .
>
> Additionally, the fact that Defendant would have to prepare for trial while detained is not a new fact. When the Sixth Circuit mandated that

4

> Defendant be detained until trial, it was aware that Defendant's counsel would be required to travel to the prison and meet with Defendant under the prison's set guidelines to prepare for trial, and that the case was complex and required extensive review of confidential information. The Court is therefore not persuaded to reopen the detention hearing based on Defendant's need to prepare for trial.

*United States v. Bothra*, No. 18-20800, 2019 U.S. Dist. LEXIS 253858, at *5–6 (E.D. Mich. Aug. 23, 2019) (first omission in original).

Second, "[w]hether [Willis] can assist in [his] defense does not have any impact on the determination of whether conditions of release would assure [his] appearance or protect the public." *United States v. Crumpler*, No. 20-3270, 2020 U.S. App. LEXIS 20193, at *6 (6th Cir. June 26, 2020); *United States v. Bothra*, No. 19-1953, 2019 U.S. App. LEXIS 39335, at *5 (6th Cir. Nov. 5, 2019). Nor does Willis' attempt to re-argue the § 3142(g) factors after the passage of time warrant a reopening of the detention hearing. *See United States v. Hazelwood*, No. 10-150, 2011 U.S. Dist. LEXIS 21399, at *9 (N.D. Ohio Feb. 16, 2011) ("To the extent Hazelwood's Motion reiterates the same grounds for home detention as were raised in previous motions and at his prior hearing, the court rejects those arguments and denies relief on those grounds.").

In short, because no new information has been submitted which is material to whether there are conditions of release that will reasonably assure the safety of the community if Willis is released, the Court declines to reopen the detention hearing.

## B.

Alternatively, 18 U.S.C. § 3142(i)(4) provides that when a detention order has been issued, a court may subsequently issue an order permitting "the temporary release of the [defendant] . . . to the extent that the judicial officer determines such

5

release to be necessary for preparation of the person's defense or for another compelling reason." "The defendant has the burden of establishing circumstances warranting temporary release pursuant to § 3142(i)." *Bothra*, 2020 WL 2611545, at *4. This path is unavailable for several reasons.

First, Willis did not request a temporary release with a certain end date. In fact, Willis' motion did not raise § 3142(i) at all.

Second, § 3142(i) does not permit revocation of a detention order and complete release under bond. The Sixth Circuit has made clear that under § 3142(i) "the release must be 'temporary,' no longer than needed to complete the 'necessary' defense preparations or to resolve the other 'compelling' circumstances." *United States v. Scarborough*, 821 F. App'x 598, 600 (6th Cir. 2020) (citation omitted).

Third, for the reasons already stated, Willis has not provided a compelling reason for release, temporary or otherwise. As the Sixth Circuit has explained:

> There is . . . limited authority governing what conditions require release for defense preparation. Courts considering whether pretrial release is "necessary" under § 3142(i) have considered: (1) the time and opportunity the defendant had to prepare for the trial and participate in his defense, (2) the complexity of the case and volume of information, and (3) the expense and inconvenience associated with preparing while incarcerated. Temporary release is not warranted when a defendant "has had ample time to prepare his defense, even given the practical limitations on his access to telephones and the Attorney Conference Room."

*Bothra*, 2020 U.S. App. LEXIS 16383, at *6 (citations omitted). Willis has had the assistance of several lawyers. They have filed pretrial motions on his behalf, and he seems to be very involved in the decision-making. He has been given significant discovery and ample time to review it. Nothing suggests his detention facility is

6

hindering this review. The Court recognizes that trial preparation might be rendered more difficult or inconvenient when a defendant is detained and far from counsel. But this applies to most detained defendants in this District. It does not mean that Willis has been prevented from preparing a vigorous defense. And it certainly does not make release "necessary" under § 3142(i)(4).

## II.

For these reasons, Willis' motion to modify conditions of release is DENIED.

SO ORDERED.

Dated: September 22, 2025

                                                  s/Laurie J. Michelson
                                                  LAURIE J. MICHELSON
                                                  UNITED STATES DISTRICT JUDGE